```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __1/28/2022__
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JOEL YAMBO-TORRES,**

        **Plaintiff,**

    -against-

**CITIGROUP GLOBAL MARKET HOLDINGS INC.,**

        **Defendant.**

**21-cv-2386 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, United States District Judge:**

    Plaintiff Joel Yambo-Torres brings this suit against Defendant Citigroup Global Market Holdings Inc. ("CGMHI" or "Defendant"), headquartered in New York, alleging fraud under New York state law and filing of a false registration pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k. Defendant now moves to dismiss the suit for lack of subject matter jurisdiction and lack of personal jurisdiction due to insufficient service pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5).

    Yambo-Torres held UWT notes issued by CGMHI. ECF No. 3 ("Compl.") at 2. Plaintiff alleges CGMHI represented that these notes were pegged to a particular index. But in March 2020, the notes were not rising in congruence with changes in the index. This discrepancy, Plaintiff alleges, is due to intervention by CGMHI and amounts to fraud.

    Plaintiff brought this lawsuit on March 18, 2021, alleging $37,383.03 in compensatory damages and seeking $336,447.27 amount in punitive damages. ECF No. 3. Defendant moved to dismiss this suit on June 9, 2021 for lack of subject-matter jurisdiction and insufficient service and served its supporting papers upon Plaintiff. ECF No. 16. Plaintiff's opposition was due on

June 23, 2021.[1]  ECF No. 11.  Plaintiff failed to meet this deadline.  Given this, on July 1, 2021, the Court issued an order to show cause why Defendant's motion should not be treated as unopposed, ordering Plaintiff to respond by July 13, 2021.  ECF No. 19.  To date, Plaintiff neither filed a response to the Court's Order nor otherwise wrote to the Court.

Federal Rule of Civil Procedure 12(b)(5) authorizes a court to dismiss an action for insufficient service of process where the defendant has not yet answered.  *See* Fed. R. Civ. P. 12(b)(5).  "In considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).  "Once a defendant raises a challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy."  *Id.*

This Court issued an order of service to Plaintiff on April 19, 2021, directing Plaintiff to serve a summons on the Defendant.  ECF No. 8.  The Clerk of the Court issued a Summons on the same date, but the summons was never returned.  ECF No. 9.  Defendant notes that it "offered to execute a Form AO 399 service of process waiver pursuant to Federal Rule of Civil Procedure 4(d) . . . , Plaintiff never requested execution of such a waiver."  Def.'s Mem. at 2 n.4.

To date, Plaintiff has not served Defendant in any manner consistent with the Federal Rules of Civil Procedure.  In light of this, the Court lacks personal jurisdiction over the defendant.  *See Dynegy Midstream Servs., LP v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural

---

[1] This action is one of seven related actions before this Court.  On May 19, 2021, the Court issued an order setting a briefing schedule in all the related actions.  *See Kirk v. Citigroup Global Markets Holdings Inc.*, 20-cv-7619-ALC, ECF No. 65.

requirement of service of summons must be satisfied."). The Court declines to address the subject-matter jurisdiction issues raised by Defendant.

Accordingly, Defendant's motion to dismiss is **GRANTED**. The Clerk of the Court is respectfully directed to terminate ECF No. 13, to close this case, and to mail a copy of this Opinion and Order to Mr. Yambo-Torres.

**SO ORDERED.**

**Dated:** **January 28, 2022**
**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**